# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:

David Coffman,

Debtor

Chapter 13
Case No. 15-10228

## ORDER GRANTING THE DEBTOR'S MOTION TO AMEND HIS CLAIMS MOTION AND INCORPORATED OBJECTION TO CLAIM #7

Pursuant to this Court's order of July 21, 2016, [Dkt. No. 78], the Debtor has moved for leave to amend his motion to allow and disallow claims and incorporated objection to Claim #7 filed by U.S. Bank, N.A. ("U.S. Bank") to encompass, inter alia, an objection premised upon the Iowa statute of limitations [Dkt. No. 80]. U.S. Bank has objected to the Debtor's proposed amendment. [Dkt. No. 83.] Both parties have invoked Fed. R. Bankr. P. 7015 and its Fed. R. Civ. P. 15 counterpart in their pleadings regarding the proposed amendment [*see* Dkt. No. 80, 83], and this Court therefore elects to apply Bankruptcy Rule 7015 and Civil Rule 15 in resolving this amendment dispute. *See* Fed. R. Bankr. P. 9014(c) (describing the default and non-default application of adversary proceeding rules to contested matters).

Fed. R. Civ. P. 15(a)(1) allows, as a matter of course, one pleading amendment if filed before trial and within twenty-one days of the filing of the original pleading; any required responsive pleading; or any pleading filed pursuant to Fed. R. Civ. P. 12(b), (e), or (f). Where Rule 15(a)(1) does not apply, Rule 15(a)(2) allows a pleading amendment "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) dictates that "[t]he court should freely give leave when justice so requires." *Id.* In the absence of factors weighing against the amendment – including undue delay or bad faith on the part of the movant, and undue

prejudice to the nonmoving party – leave to amend should, as the rules require, be freely granted. Foman v. Davis, 371 U.S. 178, 182 (2003).

Here, notwithstanding U.S. Bank's contentions to the contrary, it does not appear that the Debtor unduly delayed in raising the limitations defense that he now seeks to plead by amendment; there is no indication that the Debtor's amendment was proposed in bad faith; and there is no suggestion that allowing the amendment would result in undue prejudice to U.S. Bank.  It is therefore and hereby ORDERED that the Debtor's motion to amend his claims motion and incorporated objection to Claim #7 is granted.   The Debtor's objection to claim #7 is amended as follows:

| Claim # | Creditor | Description of Claim, Basis for Objection, and Requested Disposition. |
|---|---|---|
| 7 | U.S. Bank National Association | As filed, Claim 7 asserts an unsecured debt in the amount of $52,757.42. Debtor seeks disallowance of the claim on the grounds that: (1) the claim is beyond the Iowa statute of limitations for collection as set forth in Iowa Code Section 614.1 requiring that actions be brought on written contracts within 10 years after the cause of action accrues; and (2) the underlying mortgage has been satisfied in full as set forth in the Satisfaction of Mortgage filed with the Marion County Registry of Deeds which states that the indebtedness that is the subject to claim #7 has been "fully paid, satisfied, released and discharged." |

It is ALSO ORDERED that U.S. Bank shall have twenty-one days from the date of this order to file a response to the Debtor's amended objection to Claim #7

Date: October 17, 2016

Judge Michael A. Fagone
United States Bankruptcy Court
District of Maine